NO. 19-1680

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

UNITED STATES OF AMERICA,
Appellee

v.

JAY GACCIONE,
Petitioner-Appellant

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

## PETITION FOR PANEL REHEARING
## WITH SUGGESTION FOR REHEARING EN BANC

---

LISA AIDLIN
P.O. Box 240
Sharon, MA 02067
(781) 201-9115
Bar No. 88198

Attorney for Petitioner-Appellant
JAY GACCIONE

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES.....................................................................ii

I.    POINTS OF LAW OR FACT OVERLOOKED OR MISAPPREHENDED
      BY THE PANEL................................................................................1

II.   SUMMARY OF THE PANEL'S DECISION.................................................3

III.  ARGUMENT.....................................................................................4

      A.    THE PANEL ERRED WHEN IT CONCLUDED THAT THE
            DISTRICT COURT DID NOT CONSTRUCTIVELY AMEND THE
            DISTRIBUTION CHARGE BECAUSE IT MISTAKENLY
            SUBJECTED THIS CLAIM TO PLAIN ERROR REVIEW..............4

      B.    THE PANEL ERRED WHEN IT RULED THAT THERE WAS
            AN   ADEQUATE   FACTUAL   BASIS   TO   SUPPORT   THE
            GUILTY PLEA TO DISTRIBUTION OF CHILD PORNOGRAPHY
            EVEN THOUGH NO ACTUAL IMAGES OR FILE NAMES WERE
            RECOVERED……............................................................... 8

      C.    THE PANEL ERRED WHEN IT DETERMINED THAT 18 U.S.C.
            § 3553(a)(6) ONLY INVOLVED THE NEED TO AVOID
            UNWARRANTED SENTENCING DISPARITIES BY THE SAME
            JUDGE...........................................................................12

CONCLUSION...................................................................................15

CERTIFICATE OF COMPLIANCE.......................................................16

## <u>TABLE OF AUTHORITIES</u>

**FEDERAL CASES**

*Ex parte Bain*, 121 U.S. 1 (1887)................................................................................4

*Stirone v. United States,* 361 U.S. 212 (1960)............................................. 1, 4, 6, 7

*United States v. Arsenault,* 833 F.3d 24 (1st Cir. 2016)...........................................12

*United States v. Ayala-Vazquez,* 751 F.3d 1 (1st Cir. 2014) ...............................2, 13

*United States v. Bater*, 594 F.3d 51 (1st Cir. 2010)....................................................6

*United States v. Bauer,* 626 F.3d 1004 (8th Cir. 2010) ...........................................11

*United States v. Boscarino,* 437 F.3d 634 (7th Cir.2006)...................................2, 14

*United States v. Brandao,* 539 F.3d 44 (1st Cir. 2008)). ...........................................5

*United States v. Clark*, 434 F.3d 684 (4th Cir. 2006)...........................................2, 14

*United States v. Dowdell,* 595 F.3d 50 (1st Cir. 2010)...............................................6

*United States v. Duhon,* 440 F.3d 711 (5th Cir. 2006) ........................................2, 14

*United States v. Gaccione*, __ F.3d__, 2020 WL 5869462
   (1st Cir. Oct. 2, 2020).................................................. 1, 3, 5, 6, 9, 10

*United States v. Garcia,* 946 F.3d 1191 (10th Cir. 2020)....................................3, 15

*United States v. Gaye,* 902 F.3d 780 (8th Cir. 2018)...........................................2, 14

*United States v. Houston,* 529 F.3d 723 (6th Cir. 2008)......................................2, 14

*United States v. Iacaboni,* 363 F.3d 1 (1st Cir. 2004) ....................................... 1, 7, 8

*United States v. Marceau*, 554 F.3d 24 (1st Cir. 2009).......................................2, 12

*United States v. McDonough,* 727 F.3d 143 (1st Cir. 2013) ...............................2, 13

*United States v. Nance,* 767 F.3d 1037 (1st Cir. 2014) ........................................2, 11

*United States v. Ortiz,* 213 Fed.Appx. 312 (5th Cir. 2007) ..................................2, 14

*United States v. Parker,* 462 F.3d 273 (3d Cir. 2006) ................................... 2, 13-14

*United States v. Pena-Santo,* 809 F.3d 686 (1st Cir. 2015)..................................2, 13

*United States v. Pires,* 642 F.3d 1 (1st Cir. 2011) .....................................................11

*United States v. Reasor,* 418 F.3d 466 (5th Cir. 2005)...................................... 1, 8, 9

*United States v. Ringgold,* 571 F.3d 948 (9th Cir. 2009) ....................................3, 15

*United States v. Rodriguez-Pacheco,* 475 F.3d 434 (1st Cir. 2007).........................10

*United States v. Ronga,* 682 Fed.Appx. 849 (11th Cir. 2017). ............................3, 15

*United States v. Sampson,* 898 F.3d 287 (2d Cir. 2018)......................................2, 13

*United States v. Thomas,* 274 F.3d 655 (2d Cir. 2001) .........................................1, 8

*United States v. Wallace*, 573 F.3d 82 (1st Cir. 2009) ................................. 2, 12, 13

**STATUTES**

18 U.S.C. § 2251(a) ...................................................................................................3

18 U.S.C. § 2252(a) ...............................................................................................3, 11

18 U.S.C. § 3553(a)(6)............................................................ 2, 11, 12, 13, 14, 15

**FEDERAL RULES**

Fed.R.App.P. 35(b) ....................................................................................................1

Fed.R.App.P. 40(a)(2)................................................................................................1

Fed.R.Crim.P. 11(b)(3) .................................................................................. 1, 2, 3, 9

Pursuant to Rules 35(b)(1)(A) and (B), 40(a)(2), and Local Rule 35(b) of Federal Rules of Appellate Procedure, Mr. Jay Gaccione respectfully petitions this Court for rehearing of his criminal appeal, based upon the following points of law and fact overlooked or misapprehended by a Panel of this Court in its written decision issued on October 2, 2020, in *United States v. Gaccione*, __ F.3d__, 2020 WL 5869462 (1st Cir. 2020).  Mr. Gaccione further suggests that such rehearing be by the Court en banc because it is necessary to secure uniformity of this Court's decisions and presents questions of exceptional importance because it conflicts with Supreme Court and other United States Court of Appeals decisions.

## I.    POINTS OF LAW OR FACT OVERLOOKED OR MISAPPREHENDED BY THE PANEL:

1.    The Panel erred when it mistakenly analyzed Mr. Gaccione's claim that the district court constructively amended Count VII of the indictment under plain error review. This holding contradicted the 5th and 6th Amendments to the U.S. Constitution and prior precedents by the Supreme Court, this Court, and the Second, Fifth Circuit in *Stirone v. United States,* 361 U.S. 212 (1960); *United States v. Iacaboni*, 363 F.3d 1, 7 (1st Cir. 2004); *United States v. Thomas,* 274 F.3d 655, 670-71 (2d Cir. 2001); and *United States v. Reasor,* 418 F.3d 466 (5th Cir. 2005).

2.    The Panel erred when it concluded that despite the existence of any images, file names, or description of the content of the sent images, the record

adequately supported Mr. Gaccione's guilty plea to distribution of child pornography. This ruling contravenes Rule 11(b)(3) of the Federal Rules of Criminal Procedure and this Court's holding in *United States v. Nance,* 767 F.3d 1037 (1st Cir. 2014).

3.    The Panel erred when it determined that Mr. Gaccione's 180-year sentence was substantively reasonable finding that unwarranted sentencing disparities pursuant to 18 U.S.C. § 3553(a)(6) are limited only to decisions by the same judge, when in fact, this provision applies to federal defendants nationally. This ruling cannot be squared with 18 U.S.C. § 3553(a)(6) and this Court's holdings in *United States v. Pena-Santo,* 809 F.3d 686 (1st Cir. 2015); *United States v. Ayala-Vazquez,* 751 F.3d 1 (1st Cir. 2014); *United States v. McDonough,* 727 F.3d 143 (1st Cir. 2013); *United States v. Wallace*, 573 F.3d 82, 97 (1st Cir. 2009); and *United States v. Marceau*, 554 F.3d 24 (1st Cir. 2009). The ruling further directly contravenes the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuit holdings in *United States v. Sampson,* 898 F.3d 287, 314 (2d Cir. 2018); *United States v. Parker,* 462 F.3d 273 (3d Cir. 2006); *United States v. Clark*, 434 F.3d 684 (4th Cir. 2006); *United States v. Ortiz,* 213 Fed.Appx. 312 (5th Cir. 2007); *United States v. Duhon,* 440 F.3d 711 (5th Cir. 2006); *United States v. Houston,* 529 F.3d 723 (6th Cir. 2008); *United States v. Boscarino,* 437 F.3d 634 (7th Cir.2006); *United States v. Gaye,* 902 F.3d 780 (8th

2

Cir. 2018); *United States v. Ringgold,* 571 F.3d 948 (9th Cir. 2009); *United States v. Garcia,* 946 F.3d 1191 (10th Cir. 2020); and *United States v. Ronga,* 682 Fed.Appx. 849 (11th Cir. 2017).

## II.    SUMMARY OF THE PANEL'S DECISION

On November 13, 2018, Mr. Gaccione pled guilty absent a plea agreement to five counts of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a), one count of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2), and two counts of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). *Gaccione,* 2020 WL 5869462 at *1.   The district court sentenced him to 2,160 months (180-years) imprisonment. *Id.*

On direct appeal, Mr. Gaccione argued in part that 1) the district court constructively amended Count VII of the indictment for distribution of child pornography when it impermissibly allowed Mr. Gaccione to plead to a different set of facts and a different theory of the case in order to support the charge, namely that Mr. Gaccione distributed images of other kids off the internet instead of images of his own daughter, 2) the district court violated Rule 11(b)(3) of the Federal Rules of Criminal Procedure because no actual images or file names were recovered to support Mr. Gaccione's guilty plea to distribution of child pornography; and 3) Mr. Gaccione's 180-year sentence was procedurally and

substantively unreasonable when compared to other similarly situated defendants across the nation and created unwarranted sentencing disparities.

A Panel of this Court affirmed Mr. Gaccione's appeal erroneously upholding his convictions and sentence. Rehearing is necessary to correct these errors and preserve uniformity of the Court's decisions and with other United States Court of Appeals decisions.

## III.  ARGUMENT

### A.  THE PANEL ERRED WHEN IT CONCLUDED THAT THE DISTRICT COURT DID NOT CONSTRUCTIVELY AMEND THE DISTRIBUTION CHARGE BECAUSE IT MISTAKENLY SUBJECTED THIS CLAIM TO PLAIN ERROR REVIEW.

"Ever since *Ex parte Bain*, 121 U.S. 1 was decided in 1887, it has been the rule that after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." *Stirone v. United States,* 361 U.S. 212, 215-16 (1960). The district court during Mr. Gaccione's plea colloquy impermissibly constructively amended Count VII of the indictment after Mr. Gaccione denied distributing any images of his daughter. According to the government's theory of the case for the distribution charge under Count VII of the indictment, Mr. Gaccione distributed six .jpg images of his 14-year-old daughter engaged in sexually explicit conduct to a South African man via Gmail and Sprint's messaging service. *Gaccione,* 2020 WL 5869462 at *1. Count VII of the indictment alleged that on "April 29, 2016," Mr. Gaccione "knowingly distributed,

4

one or more visual depictions, to wit digital images of Victim #1," his own daughter. App. 17. During his plea colloquy, Mr. Gaccione denied distributing any images of his daughter. *Gaccione,* 2020 WL 5869462 at *1. In response, the district court constructively amended Count VII of the indictment by allowing Mr. Gaccione to plead guilty to distributing images of other kids off the internet even though the grand jury had not indicted him under these facts or theory of the case. The district court preserved this issue when it discussed the constructive amendment on the record with the prosecutor, stating "I don't think, Ms. Baron that that change in facts would affect the elements of Count VII." *Id.* at *1; App. 43. The prosecutor responded, "I think it does matter." App. 43.

On these facts, a Panel of this Court mistakenly reviewed the constructive amendment claim under plain error review despite the fact that the issue had been adequately preserved and discussed on the record during the plea colloquy. *See Gaccione,* 2020 WL 5869462 at *3 (holding that "as neither one was raised below, our review is only for plain error") (citing *United States v. Brandao,* 539 F.3d 44, 57 (1ˢᵗ Cir. 2008)). The district court, the prosecutor and defense counsel had a discussion on the record at length concerning altering Mr. Gaccione's guilty plea to distribution of child pornography to cover six images of other children off the internet instead of any images of Mr. Gaccione's daughter as indicted in Count VII. *Gaccione,* 2020 WL 5869462 at *1-*2. Furthermore, to the extent the district

court and the parties were unaware of a complicated legal issue in no way subjects it to plain error. *See United States v. Bater*, 594 F.3d 51, 54 n.1 (1st Cir. 2010) (explaining that "'abuse of discretion' is used as well to embrace mistakes on abstract issues of law (reviewed de novo) and errors of fact (for which clear error is the customary test)").

In addition, the Panel erroneously relied on a change in the type of drug case to find that "there is no basis for concluding that, given this record and the nature of this offense as one involving the distribution of contraband, it was 'clear or obvious' that there as a constructive amendment rather than merely a variance." *Gaccione,* 2020 WL 5869462 at *4 (citing *United States v. Dowdell,* 595 F.3d 50, 68 (1ˢᵗ Cir. 2010)). This case, however, involved significantly more than changing the type of drug since the literal words of the indictment, the government's theory of the case, and the evidence presented to the grand jury and to support the charge were all materially altered when Mr. Gaccione pled guilty to distributing images of other kids off the internet instead of images of his own daughter.

The Panel's decision cannot be squared with the Supreme Court's holding in *Stirone v. United States*, 361 U.S. 212, 217 (1960), which found reversible error because a constructive amendment occurred where the indictment alleged that the defendant had used sand shipments to interfere with interstate commerce but at trial the government offered evidence that the interference also occurred with steel

shipments. *Id.* at 217 (holding impermissible broadening of the indictment). The Supreme Court ruled that "[w]hile there was a variance in the sense of a variation between pleading and proof, that variation here destroyed the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury. Deprivation of such a basic right is far too serious to be treated as nothing more than a variance and then dismissed as harmless error." *Stirone,* 361 U.S. at 217. *Stirone* explained that 'If it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a prisoner's trial for a crime, and without which the constitution says 'no person shall be held to answer,' may be frittered away until its value is almost destroyed." *Id.* at 216 (citation omitted).

The Panel's decision contravenes this Court's holding in *United States v. Iacaboni*, 363 F.3d 1, 7 (1ˢᵗ Cir. 2004), which ruled that "[a] constructive amendment occurs when the charging terms of the indictment are altered, either literally or in effect, by the prosecution or court after the grand jury has last passed upon them." *Id.* at 7 (internal quotation omitted). Like this case, *Iacaboni* involved a guilty plea where the indictment was constructively amended and this

Court found that the "alteration is a per se prejudicial constructive amendment" because the government failed to include the theory of the guilty plea in its indictment. *Id.* at 7-8.

The Panel's decision contradicts the Second Circuit's holding in *United States v. Thomas,* 274 F.3d 655, 670-71 (2d Cir. 2001), finding constructive amendment constituted "per se" prejudice where the defendant was convicted of a specific amount of drugs "even though the indictment charged a conspiracy to possess with intent to distribute *an unspecified amount of drugs*" because "it would be inappropriate for a court to speculate as to whether a grand jury *might* have returned an indictment in conformity with the available evidence." *Id.* (emphases in original).  Unlike this Court, the Second Circuit presumes that a constructive amendment "substantially affects a defendant's rights." *Id.*

The Panel's decision also cannot be squared with the Fifth Circuit's holding in *United States v. Reasor,* 418 F.3d 466, 475 (2005), which held that "[a]n implicit or constructive amendment of the indictment, constituting reversible error, occurs when it permits the defendant to be convicted upon a factual basis that effectively modifies an essential element of the offense charged or permits the government to convict the defendant on a materially different theory or set of facts than that with which she was charged." *Id.* (citations omitted).  The *Reasor* Court reasoned that "[n]either the courts nor the prosecutor may change the charge in the

indictment put forward by the grand jury, because the Fifth Amendment guarantees that no person shall be held to answer for a capital or infamous crime unless on presentment or indictment of a grand jury." *Id.* at 474 (footnote omitted).

**B.    THE PANEL ERRED WHEN IT RULED THAT THERE WAS AN ADEQUATE FACTUAL BASIS TO SUPPORT THE GUILTY PLEA TO DISTRIBUTION OF CHILD PORNOGRAPHY EVEN THOUGH NO ACTUAL IMAGES OR FILE NAMES WERE RECOVERED.**

Rule 11 of the Federal Rules of Criminal Procedure demands that a district court "[b]efore entering judgment on a guilty plea…determine that there is a factual basis for the plea." Fed.R.Crim.P. 11(b)(3).  The record in this case did not support that Mr. Gaccione distributed six images of other children off the internet since the government never recovered or could identify any images or file names, and the government's theory of the case was that Mr. Gaccione had distributed images of his own daughter. *Gaccione,* 2020 WL 5869462 at *4 (confirming that "the images themselves are not in the record and that no detailed description of their content was offered by Gaccione or the government"). Indeed, there is not a single case upholding a guilty plea to distribution of pornography where no images or file names depicting sexually explicit conduct were recovered.

Despite the complete lack of any actual images or file names to support the distribution charge, a Panel of this Court incorrectly held as follows:

the record supports the finding that Gaccione 'trade[d]' the photographs of the 'kids off the internet' at issue for 'like value' of other photographs that

9

were of underage children, that Gaccione discussed the sexual content of the images that he received as part of the exchange with his trading partner, and the Gaccione created and possessed other images of a minor – his daughter – that were described in detail in ways that made clear that they were sexually explicit. No more was needed to ensure that the District Court did not clearly or obviously err in determining that it had a 'reasoned basis' for finding that the defendant distributed images of minors and that the nature of those images was pornographic.

*Gaccione,* 2020 WL 5869462 at *5 (citations omitted). This determination misapprehends the record since there was not a shred of evidence for even an inference that the images Mr. Gaccione distributed contained pornographic images -- as opposed to child erotica – of underaged, actual minors since the images were never recovered. The fact that Mr. Gaccione possessed images of his daughter simply could not support an inference that he distributed images of other kids off the internet when no images of other children were uncovered. Moreover, at no point in the record does the South African man describe the content of the six images he received from Mr. Gaccione, so the record is devoid of any evidence to support an inference that the images sent by Mr. Gaccione contained underaged children depicting pornography. *See United States v. Rodriguez-Pacheco*, 475 F.3d 434, 438-39 (1st Cir. 2007) (reinforcing that in a child pornography case, the government must prove that the visual depiction involves an actual child who is under 18-years-old, not a virtual one, to establish guilt).

The Panel's holding directly contravenes this Circuit's holding in *United States v. Nance,* 767 F.3d 1037, 1044 (1st Cir. 2014), which ruled that "the Government was unable to recover the visual images associated with this deleted file and so could not prove that it contained child pornography." *Id.* This Court in *Nance* upheld the defendant's convictions on attempting to receive child pornography where the file names but no actual images were recovered. *Id.* In making this determination, this Court explained, "[w]hile the underlying offense in this case requires the receipt of images of real-life minors engaged in sexually explicit conduct, the government in an 'attempt' case has no burden to prove that the appellant knew that the downloaded file actually contained such images. Rather, the government is required to prove that the appellant *believed* that the received file contained such images." *Id.* at 1044 (citing *United States v. Pires,* 642 F.3d 1, 8 (1st Cir. 2011); *United States v. Bauer,* 626 F.3d 1004, 1007 (8th Cir. 2010)). In stark contrast, Mr. Gaccione's case involved the distribution of child pornography (not attempt) and the government therefore was required to prove that the images contained real-life minors engaged in sexually explicit conduct. *See* 18 U.S.C. § 2252(a)(2) and (b) (setting forth elements for a distribution charge).

**C.    THE PANEL ERRED WHEN IT DETERMINED THAT 18
U.S.C SECTION 3553(a)(6) ONLY INVOLVED THE NEED TO
AVOID UNWARRANTED SENTENCING DISPARITIES BY
THE SAME JUDGE.**

18 U.S.C. § 3553(a)(6) mandates that the district court consider "the need to
avoid unwarranted sentence disparities among defendants with similar records who
have been found guilty of similar conduct." *Id.*  This provision in no way limits
review to unwarranted sentencing disparities by the same judge; rather,
§3553(a)(6) "is primarily aimed at national disparities, rather than those between
co-defendants." *United States v. Marceau*, 554 F.3d 24, 33-34 (1st Cir. 2009)
(citation omitted).

In his appeal, Mr. Gaccione argued that his 180-year sentence was in part
procedurally and substantively unreasonable because numerous similarly situated
defendants from both this jurisdiction and nationally had been sentenced to lighter
sentences for worse conduct. The Panel rejected Mr. Gaccione's claims
erroneously ruling that Section 3553(a)(6) "raises concerns only 'if two identically
situated defendants received different sentences from the same judge.'" *Gaccione,*
2020 WL 5869462 at *7 (citing *United States v. Arsenault,* 833 F.3d 24, 33 n. 5 (1st
Cir. 2016) (quoting *United States v. Wallace*, 573 F.3d 82, 97 (1st Cir. 2009)).

The Panel's decision unduly limits § 3553(a)(6)'s reach and cannot be
reconciled with the holding in *Wallace*, which ruled that § 3553(a)(6) is "primarily
aimed at national disparities, rather than those between co-defendants." *Wallace,*

573 F.3d. at 97 (quoting *Marceau,* 554 F.3d 24, 33 (1ˢᵗ Cir.2009)).  While this Court in *Wallace* determined that "concerns could arise if two identically situated defendants received different sentences from the same judge," that case in no limited unwarranted sentencing disparities to sentences from the same judge. *Id.* at 97 (quotation marks and citation omitted).

The Panel's decision directly contravenes this Court's holding in *United States v. Ayala-Vazquez,* 751 F.3d 1, 32 (1ˢᵗ Cir. 2014), which ruled that "consideration of sentencing disparity primarily targets disparities among defendants nationally." *Id.* (citing *United States v. McDonough,* 727 F.3d 143, 165 (1st Cir. 2013) (footnote omitted).  The Panel's decision also cannot be squared with this Court's holding in *United States v. Pena-Santo,* 809 F.3d 686, 705 (1ˢᵗ Cir. 2015), which found that "a district court's consideration of sentencing disparity aims primarily at the minimization of disparities among defendants nationally and, while avoidance of disparities among co-defendants may be considered, 'a defendant is not entitled to a lighter sentence merely because his co-defendants received lighter sentences.'" *Id.* at 705 (citation and quotation omitted).

Indeed, every Circuit Court has determined that § 3553(a)(6) is targeted primarily at avoiding sentencing disparities among similarly situated defendants from different jurisdictions.  *See United States v. Sampson,* 898 F.3d 287, 314 (2d Cir. 2018) ("the 'primary purpose' of § 3553(a)(6) is 'to reduce unwarranted

sentence disparities' on a *nationwide* level") (emphasis in original) (citations and quotation omitted)); *United States v. Parker,* 462 F.3d 273, 276 (3d Cir. 2006) ("We have concluded that Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case") (citations omitted); *United States v. Clark*, 434 F.3d 684, 686-88 (4th Cir. 2006) (vacating defendant's sentence because district court failed to consider unwarranted sentencing disparities and ruling that "[]*the sole concern of section 3553(a)(6) is with sentencing disparities among federal defendants*") (emphasis in original) (citation omitted); *United States v. Ortiz,* 213 Fed.Appx. 312, 317 (5th Cir. 2007) (finding "section 3553(a)(6) is concerned with 'avoid[ing] disparity among similarly situated defendants nationwide rather than disparity with ... differently-situated co-defendant[s]'") (citing *United States v. Duhon,* 440 F.3d 711, 721 (5th Cir. 2006); *United States v. Houston,* 529 F.3d 723, 752 (6th Cir. 2008) ("Subsection 3553(a)(6) is concerned with *national* disparities among the many defendants with similar criminal backgrounds convicted of similar criminal conduct") (emphasis in original) (citation omitted); *United States v. Boscarino,* 437 F.3d 634, 638 (7th Cir.2006) ("[T]he kind of 'disparity' with which § 3553(a)(6) is concerned is an unjustified difference across judges (or districts) rather than among defendants to a single case") (footnote omitted); *United States v. Gaye,* 902 F.3d 780, 791 (8th Cir. 2018) (holding that "[t]he

14

statutory direction to avoid unwarranted disparities among defendants ... refers to national disparities, not differences among co-conspirators…") (citation omitted); *United States v. Ringgold,* 571 F.3d 948, 951 (9th Cir. 2009) ("Section 3553(a)(6) requires district courts to consider sentencing disparities between similarly situated *federal* defendants") (emphasis in original); *United States v. Garcia,* 946 F.3d 1191, 1215 (10th Cir. 2020) ("§ 3553(a)(6) seeks to avoid—[] *nationwide* disparities") (citations omitted); *United States v. Ronga,* 682 Fed.Appx. 849, 859 (11th Cir. 2017) ("§ 3553(a)(6) is focused primarily on nationwide sentencing disparities") (citations omitted).

## <u>CONCLUSION</u>

For the reasons stated above, Mr. Gaccione's petition for rehearing and/or rehearing en banc should be granted, the Panel's opinion vacated, and the convictions and sentence vacated.

Respectfully submitted,

<u>s/Lisa Aidlin</u>
LISA AIDLIN
P.O. Box 240
Sharon, Massachusetts 02067
(781) 784-1060
Bar No. 88198

Counsel for Petitioner-Appellant
JAY GACCIONE

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this Rehearing Petition complies with the page limitation of Federal Rule of Appellate Procedure 40(b) because this petition contains 3,537 words and 319 lines of text excluding the parts of the petition exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).  I further certify that this petition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this petition has been prepared in Microsoft Office Word 2020 in CG Times 14 point font.

<u>October 30, 2020</u>                                                            s/Lisa Aidlin
Date                                                                      Lisa Aidlin

## **CERTIFICATE OF SERVICE**

I certify that on October 30, 2020, I electronically filed the attached pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Lauren S. Zurier

s/Lisa Aidlin
Lisa Aidlin